[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Richard M. Parkes ("Parkes") brought this action against several defendants, including Concord Leasing, Inc., and Concord Asset Management, Inc. (collectively "Concord"), alleging, inter alia, breach of an employment contract and defamation. In addition to its answer and special defenses, Concord filed counterclaims, the fourth of which seeks damages based on Parkes' alleged gross negligence in monitoring Concord's financial affairs. In response to the fourth counterclaim, Parkes moved, pursuant to General Statutes § 52-102a and Practice Book § 117, to commence a third party action for apportionment, pursuant to General Statutes § 52-572h, against KPMG Peat Marwick L.L.P. ("Peat Marwick").
The court (Nigro, J.) granted Parkes's motion, expressly subject to Peat Marwick's right to challenge the third party CT Page 2272 complaint. Peat Marwick filed a motion to strike the third party complaint on the grounds that Parkes failed to state a legally sufficient claim because impleader is not the appropriate mechanism for joining a party for apportionment purposes. At oral argument on January 30, 1995, Peat Marwick did not object to being cited in, pursuant to General Statutes § 52-102, for apportionment purposes; Peat Marwick objected only to Parkes' use of a third party complaint. Similarly, Parkes did not object to his third party complaint being stricken, provided the court ordered that Peat Marwick would remain a party for apportionment. Thus, the parties have essentially agreed that a motion pursuant to General Statutes § 52-102, rather than a third party complaint, is the appropriate vehicle for bringing Peat Marwick into this action for apportionment. In light of this agreement, it is not necessary for the court to decide whether third party practice under General Statutes § 52-102a is, fundamentally, an inappropriate vehicle for joining parties for apportionment purposes.
The third party complaint in this action, however, is legally insufficient. In Baker v. Franco, Superior Court, judicial district of Danbury, Docket No. CV91-0307614 (7 Conn. L. Rptr. 622, 624, November 25, 1992), Judge Fuller held that although a pleading was not necessarily required to join a party for apportionment only, "there must be some grounds of negligence stated against the proposed defendant to submit to the trier when the case is heard." Whatever vehicle a defendant uses to seek apportionment, the defendant must show, by identifying specific negligent acts and stating specific facts, "that there is a reasonable possibility that the proposed defendant was negligent." Id. Parkes' third party complaint does not state any specific facts supporting Parkes' allegations of negligence, nor does it identify any specific negligent acts. Parkes' third party complaint merely states, in vague, conclusory terms, that Peat Marwick's negligent actions" (in addition to those of "a host of other people within and without the Concord organization") "would have been a proximate cause" of Concord damages. Therefore, underBaker v. Franco, supra, Parkes' third party complaint is legally insufficient. Furthermore, given the requirements of Baker v.Franco, the court cannot, as Parkes requests, simply order Peat Marwick to remain in the case for apportionment. No such order may enter absent specific factual allegations identifying specific negligent acts.
The motion to strike is GRANTED. CT Page 2273
D'ANDREA, J.